FILED ___ LODGED
RECEIVED ___ COPY

FEB 5 2003

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA
BY ___

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Koliboski,<br><br>          Plaintiff,<br><br>vs.<br><br>City of Mesa,<br><br>          Defendant. | No. CIV-01-0971-PHX-RGS<br><br>**ORDER** |

This is a dispute involving a claim for overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and A.R.S. § 23-392. Pending before the Court is the Plaintiff's motion for summary judgment on the issue of liability, and the Defendant's motion for summary judgment or, in the alternative, partial summary judgment. For the reasons set forth below, the Court will grant summary judgment to the defendant on the FLSA claim and will defer resolution of the state law claim pending further proceedings.

I. Factual Background

Plaintiff, Officer Kevin Koliboski, is a police officer employed by the defendant, the City of Mesa ("Mesa"). From October 1996 until August 14, 2000, Officer Koliboski was a canine officer, during which time he was assigned two police canines, although not concurrently.

Mesa does not use a centralized kenneling system for its canines. Rather, the members of the Canine Unit are required to board their assigned police canines at their personal

residences, off-duty, and to provide round-the-clock care for the canines, including weekends, holidays, and other non-working times.

While assigned a canine, Officer Koliboski's work schedule consisted of four, ten-hour workdays, with one hour for each of these days designated as on-duty time for caring for the canine. Prior to Officer Koliboski's assignment to the Canine Unit, canine officers worked five shifts per week, each shift consisting of eight hours. During that time, canine officers worked seven hour workdays and Mesa allotted one hour per day, on-duty, for the care of the canines.

Officer Koliboski contends that he spent, on average, one hour *every day* — including his three days off — caring for his canine. His duties included feeding, grooming, exercising, and inspecting his canine. In addition, he cleaned up after the dog, performing such activities as waste collection, yard inspection, and kennel/equipment/vehicle sanitation.

In January, 2001, Officer Koliboski presented a claim letter to Mesa seeking three hours of overtime wages owed to him per week under the Fair Labor Standards Act and A.R.S. § 23-350 *et seq*. On February 22, 2001, Mesa denied Officer Koliboski's claim. Prior to submitting a claim letter, Officer Koliboski did not formally request overtime compensation.

In this lawsuit, Officer Koliboski seeks to recover the unpaid overtime compensation. In addition, he contends he is entitled to liquidated damages under the FLSA, treble damages under the Arizona wage law, plus an award of attorneys' fees and costs.

II.     Analysis

A.     FLSA Claim (Count I)

The Fair Labor Standards Act ("FLSA") requires employers to compensate employees for all hours worked. 29 U.S.C. § 201. In addition, an employee's activities before or after shift are compensable if the activities "were an integral and indispensable part of the principal activity." *Nichols v. City of Chicago*, 789 F. Supp. 1438, 1441 (N. D. Ill. 1992)(citing *Steiner v. Mitchell*, 350 U.S. 247 (1956)). An employer is not liable for hours worked overtime, however, unless it knew or should have known that its employee was working overtime. *See*

29 U.S.C. § 207(a)(1)(requiring the payment of time and a half for all hours worked in excess of forty per work week); *Forrester v. Roth's I.G. A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981)(affirming the district court's ruling granting summary judgment to the defendant, where there was no evidence that the defendant knew or should have known its employee had been working overtime).

The parties do not dispute that, under the FLSA, hours worked caring for and maintaining a police canine, off-duty, are compensable as "integral and indispensable" to the job of being a canine officer. *See, e.g., Treece v. City of Little Rock, Arkansas*, 923 F. Supp. 1122 (E.D. Ark., 1996)(finding time spent cleaning and caring for police equipment, such as uniforms and weapons is compensable, as well as care and maintenance of canine, off-duty); *Andrew v. DuBois*, 888 F. Supp. 213 (D. Mass, 1995)(finding feeding, grooming, and walking police canine, off-duty, was compensable); *Levering v. District of Columbia*, 869 F. Supp. 24 (D.D.C., Nov. 29, 1994)(finding, feeding, exercising, and otherwise caring for the police canine off-duty was compensable); *Truslow v. Spotsylvania County Sheriff*, 783 F. Supp. 274 (E.D. Va. 1992)(finding deputy sheriff was entitled to compensation for his home dog care activities). The parties disagree, however, whether Mesa knew or should have known that Officer Koliboski was working overtime — that is, that he was spending more than four hours per week (or 34 minutes per day) caring for his dog.

The Court is unable to find any evidence in the record that Mesa had *actual knowledge* of Plaintiff's overtime activities. Officer Koliboski argues that he told Sergeant Campbell that he was working overtime. He cites to PSOF ¶ 38, which in turn cites pages 121, 69, and 94 of his deposition. Pages 69 and 94 were not attached, and page 121 does not relate to a conversation in which Officer Koliboski told Sergeant Campbell that he was working overtime. In addition, at oral argument, the Court provided counsel for Officer Koliboski an opportunity to set forth the evidence as to Mesa's knowledge of Plaintiff's overtime activities, and counsel did not mention any such conversation with Sergeant Campbell.

1   Officer Koliboski further contends that Mesa knew of his overtime activities, because
2   Sergeant Campbell had a conversation with Mesa's legal adviser asking whether he could
3   require Officer Koliboski to track the amount of time he was spending with his dog, because
4   the dog was having some performance problems (PSOF ¶¶ 51, 52). The legal adviser told
5   Sergeant Campbell not to pursue the matter. (PSOF ¶ 55). There is no evidence, however,
6   that this conversation had anything to do with any suspicion that Plaintiff was working
7   overtime.

8   Plaintiff also argues that Mesa knew that his dog had some performance problems
9   requiring additional training time over a two month period, and that the extra training was
10  done with the knowledge and approval of his supervisor. (PSOF ¶ 70). Officer Koliboski
11  is unable to state, however, exactly how much time was spent or even to pin down the dates
12  of this extra training. (*Id.*) More importantly, in this lawsuit, Plaintiff does not seek
13  compensation related to training time; he only seeks compensation related to the time it took
14  to care for his dog. Accordingly, Mesa's knowledge of the additional training time is
15  irrelevant. Moreover, as to time spent off-duty caring for the dogs, Plaintiff's supervisor,
16  Sergeant Campbell, testified he had no knowledge that officers were working more than the
17  allotted four hours per week (DSOF ¶ 68).

18  Neither does the Court find that Mesa *should have known* Plaintiff was working overtime.
19  First, other officers in the canine unit have submitted sworn statements that any time spent
20  beyond the paid 34 minutes per day either would be compensated through flex-time or by
21  overtime pay if required, known and approved by the police department. (DSOF ¶¶ 9 and
22  23). It is undisputed, however, that Plaintiff never submitted a formal request for overtime
23  compensation. Therefore, it was entirely reasonable for Mesa to assume that Plaintiff was
24  not working overtime. *See Newton v. City of Henderson*, 47 F.3d 746, 749-750 (5th Cir.
25  1995)(holding that, because employee could have used "flex time" to compensate for
26  overtime hours, it was reasonable for supervisors to rely on payroll submissions as an
27
28

accurate summary of the hours actually worked, and therefore there was no liability under the FLSA).

Second, according to the expert testimony of Kenneth Wallentine, a part-time dog handler in Utah and an attorney who counsels employers regarding FLSA liability issues, four hours per week is adequate time for canine care and is consistent with the practices of numerous police canine units across the country. (DSOF ¶ 32 and Ex. M). Mr. Wallentine's testimony supports the reasonableness of Mesa's assumption as to the amount of time Officer Koliboski actually was spending taking care of his dog.

Plaintiff argues that Mesa should have known of his overtime hours, because Sergeant Campbell asked Officer Reese to keep a log of the time he spent caring for and maintaining his dog, and that the log showed that Officer Reese spent on average 72.7 minutes per day on such activities. (PSOF ¶ 41). Although Officer Reese never actually disclosed the log to anyone in the police Department (DSOF ¶ 64), Plaintiff argues the log was nevertheless available, and therefore Mesa should have known that officers were working overtime. The question is not, however, whether Mesa *could have known* of the overtime — it is whether the city *should have known*. Although the log may have been available, there is no evidence that it was being kept because of any suspicion that officers were working overtime, and therefore there was no duty on the city's part to pursue the matter.

Plaintiff further suggests that the fact that Mesa, for a brief time in the early 1990s (before Officer Koliboski worked as a canine officer) provided 5 hours of paid dog-care time per week also shows that Mesa should have known that Officer Koliboski was working overtime. This fact may show an awareness on Mesa's part — at least at one time — that its officers were spending more than four hours per week caring for their dogs, but it is not enough to raise a genuine issue of fact with respect to constructive knowledge in light of the other officers' sworn statements and Mr. Wallentine's expert opinion.

The Court does not intend to suggest that Officer Koliboski did not, in fact, spend more than 34 minutes each day caring for his dog. There is simply not enough evidence, however,

from which a reasonable factfinder could conclude that Mesa knew or should have known about this additional time. Accordingly, the Court will grant summary judgment to the defendant on the FLSA claim.

B.  A.R.S. § 23-392 (Count II)

In addition to alleging violation of the FLSA, Officer Koliboski's Complaint alleges that Mesa violated Arizona's overtime compensation law, which provides that "[a]ny person engaged in law enforcement activities shall be compensated for each hour worked in excess of forty hours in one work week at.... [o]ne and one half times the regular rate at which such person is employed or one and one-half hours of compensatory time off for each hour worked..." A.R.S. § 23-392.

Mesa raises only a procedural objection to the Arizona wage law claim, arguing that all but a small portion of it is barred for failure to comply with A.R.S. § 12-821.01(A). That statute requires that where a person seeks to file suit against a public entity, it must first file a notice of claim with that entity, and do so within 180 days "after the cause of action accrues." *Id*. Failure to do so bars the claimant from further action. *Id*. Mesa argues that although Plaintiff seeks overtime compensation for work from October, 1996 through August 14, 2000, he waited until January 22, 2001 to file a claim with Mesa, thus barring any claims for work occurring 180 days before that — that is, before July 26, 2000. Mesa's position apparently is that a cause of action for overtime compensation accrues at each payday immediately following the work period for which overtime compensation is being claimed. Plaintiff's position — that his entire request is timely, because he filed a claim with Mesa within 180 days of the last day he worked overtime with the city — would require that a cause of action does not accrue until an employee's last day of overtime work.

The statute requiring an aggrieved individual to file a notice of claim provides that "a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." A.R.S. § 12-821.01(B). Under this statutory

embodiment of the common law "discovery rule," Mesa's interpretation of the accrual date is correct. Plaintiff was required to make a claim with the city immediately upon realizing he was not being paid overtime to which he was entitled.

Moreover, although neither party has cited any authority under Arizona's wage compensation statute, under the FLSA's similar overtime compensation requirement, a new cause of action accrues with each payday following a violation; there is no "continuing violation" theory under the FLSA. *See, e.g., Henchy v. City of Absecon*, 148 F. Supp. 2d 435, 437 (D.N.J. 2001). The Court therefore agrees with Mesa that Plaintiff is barred from pursuing this action with respect to all but the period of time between July 26, 2000 and August 14, 2000.

It is unclear, however, whether either party has asked for, or is entitled to, summary judgment as to liability for this time period. Officer Koliboski's motion for summary judgment on the issue of liability cites no cases under Arizona law; his discussion of liability focuses solely on the FLSA. On the other hand, neither does Mesa set forth any arguments as to why it should not be required to pay overtime compensation for this time period. Officer Koliboski does ask for an award of summary judgment on the issue of treble damages; but without establishing that he is entitled to liability on this claim (let alone damages), Plaintiff's request for treble damages is premature.

Based on the foregoing,

**IT IS ORDERED** denying Defendants' Motion for Summary Judgment (Doc. # 35-1), granting Defendants' Motion for Partial Summary Judgment (Doc. # 35-2), and Denying Plaintiff's Motion for Summary Judgment on the Issue of Liability (Doc. # 32-1);

**IT IS FURTHER ORDERED** dismissing Count I of Plaintiff's Complaint;

/
/
/
/

1     **IT IS FURTHER ORDERED** setting a status hearing in this case for February 27, 2003
2 at ~~9:00~~ 10:00 am to discuss the appropriate manner of resolution of the state law claim.

4 DATED this 4th day of February, 2003.

                                  Roger G. Strand
                              Senior United States District Judge